UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>COLTON BAGOLA,<br><br>                Defendant. | CR. 20-50012-01-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Colton Bagola filed a motion to dismiss the indictment because of the expiration of the time allowed under the Speedy Trial Act.  (Docket 97 at p. 1) (referencing 18 U.S.C. § 3161(c)(1)).  The government resists the defendant's motion.  (Docket 98).  Mr. Bagola filed a reply brief in support of his motion.  (Docket 99).  For the reasons stated below, the defendant's motion is denied.

**ANALYSIS**

On May 5, 2021, the defendant filed a motion to dismiss the indictment "for the reason the 70-day allowable time in which to try him under the Speedy Trial Act of 1974 has expired."  (Docket 97 at p. 1).  Mr. Bagola challenges the speedy trial clock time only from January 30, 2021, forward.  Id. at p. 2.

A brief summary of the history of the case is necessary to put the defendant's motion to dismiss in perspective.  Defendant Bagola was arrested on December 20, 2019, on a warrant for second degree murder in violation of

18 U.S.C. §§ 1111 & 1153.  (Docket 14).  On January 22, 2020, a grand jury indicted Mr. Bagola for first degree murder in violation of 18 U.S.C. §§ 1111(a) & 1153, discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and tampering with evidence in violation of 18 U.S.C. § 1512(c)(1).  (Docket 25).

On February 19, 2020, a grand jury issued a superseding indictment. (Docket 27).  The superseding indictment charged Mr. Bagola with the same three offenses as the indictment and added a co-defendant, Jamie Ann Richards. Id.  Defendant Richards was charged with accessory after the fact to murder in the first degree in violation of 18 U.S.C. §§ 3 & 1153 and tampering with evidence in violation of 18 U.S.C. § 1512(c)(1).  Id.

On June 22, 2020, Ms. Richards filed a motion to suppress (1) the seizure of her cell phone; (2) the statements taken from Ms. Richards on December 23, 2019; and (3) an extraction of the contends of the cell phone.  (Docket 49).  On June 23, 2020, the court entered a text order cancelling all pretrial deadlines and the trial pending the resolution of Ms. Richard's motion to suppress based on the ends of justice and 18 U.S.C. § 3161(h)(7).

On August 28, 2020, United States Magistrate Judge Daneta Wollmann filed a report and recommendation ("R&R").  (Docket 64).  The report recommended Ms. Richards' suppression motion be denied.  Id. at pp. 2 & 17. On September 9, 2020, the defendant timely filed her objections to the R&R. (Docket 65).

2

During the intervening time period, the Pennington County Jail had a high COVID-19 infection rate among staff and prisoners. According to a report from the Chief Deputy United States Marshal, Mr. Bagola tested positive for COVID-19 on October 5, 2020, and was placed in isolation for his own safety and the safety of the other prisoners. He was removed from isolation on October 15, 2020, following a negative test.

On December 23, 2020, Ms. Richards entered into a plea agreement with the government. (Dockets 70-72). The court referred the change of plea to the magistrate judge. (Docket 73). On January 13, 2021, the magistrate judge filed a second R&R recommending the court accept Ms. Richards' guilty plea and find her guilty of misprision of a felony in violation of 18 U.S.C. § 4. (Docket 78). As a result of Ms. Richards' guilty plea, the magistrate judge filed a third R&R recommending the suppression motion be denied as moot. (Docket 79). On January 14, 2021, the court entered an order adopting the R&R associated with Ms. Richards' guilty plea. (Docket 80) (referencing Docket 78).

On January 29, 2021, the court entered an order adopting the second suppression motion R&R, denying as moot the first R&R on defendant's motion to suppress and denying as moot the defendant's suppression motion. (Docket 81) (referencing Dockets 79, 64 & 49).

On April 16, 2021, the court sentenced Ms. Richards on her crime of conviction. (Docket 89). On April 19, 2021, the court filed the judgment in Ms. Richards' case. (Docket 90).

On April 21, 2021, the court entered a new scheduling order setting a trial date for Mr. Bagola of May 18, 2021, and established pretrial deadlines. (Docket 91).   The order stated that "[t]he period of delay resulting from this continuance is excluded in computing the time within which the trial of the case must commence. 18 U.S.C. § 3161(h)(7)(A)."   Id. at p. 3.

On April 23, 2021, Mr. Bagola's attorney, Assistant Federal Public Defender ("AFPD") Thomas Diggins sent an e-mail to Sheila Belden, the court's judicial assistant, and the staff member primarily responsible for working with attorneys to coordinate their trial needs.   Assistant United States Attorney ("AUSA") Megan Poppen and staff members of the court and others were included in the e-mail.   The material portion of Mr. Diggins' e-mail stated:

> We are requesting a date certain but ask it not be before September 2021 (in September is fine).   My client will waive time to that date.   In speaking with Ms. Poppen we estimate 5 days will be needed.   We also intend to file the joint speedy trial notice on Monday, April 26.   Please let us know available dates, thank you.

See Exhibit A at p. 2, attached to this order.

In response, Ms. Belden indicated to AFPD Diggins and AUSA Poppen the following:

> The court begins a 6-week jury trial on 9/14.
>
> The court can accommodate a 5-day trial commencing on Friday, 12/3.   We can begin trial and then proceed on 12/6-9, which gives the parties five days.   Our January calendar is open if you wish to schedule at that time.
>
> Please advise how you would like to proceed.
>
> Thank you for your inquiry!

Id. at pp. 1-2.   In reply, AFPD Diggins e-mailed "[t]hanks Sheila, December 3 will work.  We will get a motion to continue to that date file[d]."  Id. at p. 1.  AUSA Poppen replied "[t]hank you."  Id.

That same afternoon, May 23, 2021, AFPD Diggins filed an unopposed motion to continue the trial date to December 3, 2021.  (Docket 92).  The motion represented that Mr. Bagola had been advised of "his constitutional and statutory right to a speedy trial, pursuant to 18 U.S.C. § 3161 *et seq.*" and that the motion was made "neither for purposes of undue delay nor other improper reason" but was made in order to allow the defendant "to have the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. at pp. 1-2.

On April 27, 2021, Mr. Bagola filed an *ex parte* motion to compel the Pennington County Jail to produce certain documents.  (Docket 93).  On April 29, 2021, the court denied the defendant's *ex parte* motion.  (Docket 94).

On May 5, 2021, the court entered an order granting defendant's motion for a continuance.  (Docket 95).  Consistent with the earlier e-mail exchange and the defendant's unopposed continuance motion, the new scheduling order set a trial date of December 3, 2021, and established pretrial deadlines.  Id. at pp. 1-2.  The order contains the following findings: "[t]he court communicated with the parties to establish a trial date.  The court finds that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendant in a speedy trial."  Id. at p. 1.  The order stated that "[the] period of

delay resulting from this continuance is excluded in computing the time within which the trial of the case must commence.  18 U.S.C. § 3161(h)(7)(A)."  Id. at p. 3.

On May 5, 2021, the parties filed a joint notice of speedy trial calculation. (Docket 96).  The parties "agree[d] the time remaining under the Speedy Trial Act, 18 U.S.C. § 3161, for this case is 0 days from the date set for trial in the last scheduling order (Docket 91)."  Id.

On May 5, 2021, the defendant separately filed a motion to dismiss the indictment "for the reason the 70-day allowable time in which to try him under the Speedy Trial Act of 1974 has expired.  18 U.S.C. § 3161(c)(1)."  (Docket 97 at p. 1).  The defendant concedes "his statutory right to a speedy trial was suspended during the pendency of his co-defendant's suppression motion filed June 22, 2020, and ultimately denied by this court . . . on January 29, 2021."  Id. at p. 2.  Defendant's motion contends:

> Although on April 21, 2021, the court set May 18, 2021, as the date for Bagola's jury trial, (DCD 91), more than the 70 days, time permitted by the Speedy Trial Act in which to try Bagola had passed, since the court denied the suppression motion of his co-defendant January 29, 2021, resuming the speedy trial clock as to Bagola. In fact, as of April 21, 2021, 80 days had passed from January 30 to April 21, 2021.

Id. at pp. 2-3.

The government opposed defendant's motion.  (Docket 98).  The government points out that on April 23, 2021, the defendant filed a motion for

6

continuance to a trial date of December 3, 2021, and waived his statutory speedy trial right pursuant to 18 U.S.C. § 3161.  Id. at p. 4 (referencing Docket 92).

The government argues the COVID-19 pandemic set in motion a series of standing orders issued by Chief Judge Roberto A. Lange.  Beginning on March 13, 2020, and continuing through March 8, 2021, the standing order suspended jury trials and that "the ends of justice are best served by . . . continuing jury trials scheduled prior to March 8, 2021[,]" and that "the periods of delay resulting from continuances are excluded under the Speedy Trial Act."  Id. at pp. 5-7 (ultimately referencing Standing Order 21-03 at p. 2).  Because the defendant's case had been "continued through March 8, [2021,]" the government argues "the Speedy Trial 'clock' began to run again on that date."  Id. at p. 8.  The government calculates that "[f]rom March 8, 2021, through April 23, 2021 . . . 46 'countable' days elapsed from the Speedy Trial time period."  Id.  When the defendant filed his motion to continue the trial date on April 23, 2021, the government asserts there were 24 days remaining on the speedy trial clock.  Id.  For these reasons, the government argues "no Speedy Trial Act violation has occurred at all, and the trial must occur within 24 days of December 3, 2021, the date set when the Court granted the defense motion to continue."  Id. at pp. 8-9.

In reply, the defendant argues on May 5, 2021, the parties "filed a joint notice of speedy trial calculation in which they agreed "the time remaining under the Speedy Trial Act, 18 U.S.C. §3161, for this case is 0 days from the date set for trial in the last scheduling order (Docket 91)."  (Docket 99 at pp. 2-3)

(referencing Docket 96). The defendant contends "[t]his joint notice was correct." Id. at p. 3. Even if the speedy trial clock was stopped by Standing Order 21-3 to March 8, 2021, the defendant submits the 70-days of his speedy trial clock ran out on May 17, 2021.[1] Id. at p. 3 (referencing id. ¶ 5). "For these reasons," the defendant concludes "his case should be dismissed for violation of his statutory speedy trial rights." Id.

"The Speedy Trial Act requires that a federal criminal defendant be brought to trial within seventy days of the filing of his indictment or his arraignment, whichever is later." United States v. Flores-Lagonas, 993 F.3d 550, 565 (8th Cir. 2021) (referencing 18 U.S.C. § 3161(c)(1)). "The Act provides that certain 'periods of delay shall be excluded . . . in computing the time within which the trial . . . must commence.'" Id. (referencing 18 U.S.C. § 3161(h)).

"[A]ny delay resulting from a continuance granted at the request of the defendant or his counsel is excluded if the judge finds that the ends of justice served by the continuance outweigh the interests in a speedy trial." United States v. Dunn, 723 F.3d 919, 928 (8th Cir. 2013) (referencing 18 U.S.C. § 3161(h)(8)(A)). If counsel moves for a continuance, the defendant's "personal consent was not needed." Id. (referencing United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012)). See also United States v. Kills Crow Indian, 729 Fed. Appx. 496 (8th Cir. 2018) ("With regard to Kills Crow Indian's speedy-trial claim,

---

[1] Mr. Bagola fails to acknowledge a new scheduling order was entered on May 5, 2021. See Docket 95. Under the Standing Order 21-03 analysis, as of May 5, 2021, there remains 12 days on Mr. Bagola's speedy trial clock.

8

we conclude that his consent was not required to continue his trial date, given the district court's finding that the ends of justice served by continuing the case upon his counsel's request outweighed the best interests of the public and Kills Crow Indian in a speedy trial.").

Mr. Bagola argues the court erred when it failed to promptly issue a new scheduling order following denial of his co-defendant's motion to dismiss on January 29, 2021.  By the time the court's scheduling order of April 21, 2021, was issued, the defendant contends 80 days had lapsed, thus exceeding the 70-day limit mandated by the Speedy Trial Act.

The problem with defendant's argument is that in this complex case, a first degree murder, discharge of a firearm during a crime of violence and tampering with evidence case, defense counsel did not promptly move for a new scheduling order for his case after the January 29, 2021, order denying the co-defendant's suppression motion.  In fact, the government holds the same, if not greater, level of responsibility for the simple reason it is prosecuting this case.

More important, the court finds Mr. Bagola did not want a speedy trial. See Barker v. Wingo, 407 U.S. 514, 534 (1972) (addressing the issue in a Sixth Amendment context).  Instead of promptly asserting the expiration of the speedy trial clock, on April 23, 2021, defense counsel e-mailed court chambers indicating "[w]e are requesting a date certain but ask it not be before September 2021 (in September is fine).  My client will waive time to that date. . . . Please let us know available dates . . . ."  Exhibit A at p. 2 (emphasis added).

That same day, April 23, defense counsel filed his unopposed motion for continuance and sought the date certain of December 3, 2021, as his trial date. (Docket 92).  The motion indicates "[d]efense counsel . . . advised the Defendant of this motion, its purpose, and <u>his constitutional and statutory right to a speedy trial, pursuant to 18 U.S.C. § 3161 *et seq*</u>."  Id. ¶ 2 (emphasis added).  Defense counsel further represented "that this motion is made neither for purposes of undue delay nor other improper reason."  Id. ¶ 4.  Rather, defense counsel represented the motion was made "<u>in order to have the reasonable time necessary for effective preparation, taking into account the exercise of due diligence</u>."  Id. (emphasis added).

Accepting defense counsel's representations, the May 5, 2021, scheduling order set a trial date of December 3, 2021, and made the following findings: "[t]he court communicated with the parties to establish a trial date.  The court finds that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendant in a speedy trial."  (Docket 95 at p. 1).  The court ordered that "[the] period of delay resulting from this continuance is excluded in computing the time within which the trial of the case must commence.   18 U.S.C. § 3161(h)(7)(A)."  Id. at p. 3.

"In ruling upon a motion to dismiss under the Act, a district court should consider, among other factors, the party responsible for the delay."  <u>Bloate v. United States</u>, 559 U.S. 196, 214-15 (2010).  It cannot be ignored that defendant's own conduct contributed to the delay in failing to seek an earlier

10

scheduling order.  United States v. Taylor, 487 U.S. 326, 343 (1988) ("Seemingly ignored were the brevity of the delay and the consequential lack of prejudice to respondent, as well as respondent's own illicit contribution to the delay.").  Had defense counsel raised the point that no new scheduling order had been entered after Ms. Richards' suppression motion was resolved, the court would have certainly worked with both attorneys, identified an available trial date and the defendant would have waived his speedy trial rights to the date established in the new scheduling order.  Having gained more time to prepare for this complex murder case, the defendant has not been prejudiced.  The court was correct when it determined in the May 2021 scheduling order that the time to the December 3, 2021, trial date should be excluded from the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(7)(A).

## ORDER

For the reasons stated above, it is

ORDERED that defendant's motion to dismiss (Docket 97) is denied.

Dated July 22, 2021.

                                                BY THE COURT:

                                                /s/ *Jeffrey L. Viken*
                                                JEFFREY L. VIKEN
                                                UNITED STATES DISTRICT JUDGE